# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Frank S.,**
**Petitioner Below, Petitioner**

**vs.)  No. 18-0304** (Monongalia County 17-C-424)

**Russell Maston, Superintendent,**
**St. Marys Correctional Center,**
**Respondent Below, Respondent**

**FILED**

**November 8, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Frank S.[1], by counsel Edmund J. Rollo, appeals the March 7, 2018, order of the Circuit Court of Monongalia County denying his "Motion to Set Aside Judgment and Motion for Reconsideration." Respondent Russell Maston, Superintendent, St. Marys Correctional Center,[2] by counsel Shannon Frederick Kiser, filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in dismissing his claims regarding the denial of his right to a speedy trial, prosecutorial misconduct, unconstitutionally excessive sentence, a double jeopardy violation, and ineffective assistance of counsel.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2]Petitioner listed Patrick Mirandy, former Warden of St. Marys Correctional Facility, as respondent in this matter. Effective July 1, 2018, the positions formerly designated "wardens" are now designated "superintendents." *See* W. Va. Code § 15A-5-3. The current superintendent is Russell Maston. Accordingly, the appropriate party has been substituted per Rule 41(c) of the West Virginia Rules of Appellate Procedure.

1

opinion. For the reasons expressed below, the decision of the circuit court is affirmed, in part, reversed, in part, and this case is remanded to the circuit court with directions to hold further proceedings with respect to petitioner's claim of ineffective assistance of counsel.

In 2014, petitioner was convicted of nine counts of rape, three counts of incest, and eight counts of sodomy. The convictions were based on petitioner's molestation of four minor children, including his two biological daughters and two step-daughters between 1968 and 1975. *See State v. Frank S.*, 236 W. Va. 761, 783 S.E.2d 881 (2016). Petitioner appealed his convictions, which this Court affirmed on March 8, 2016. *Id*. at 764, 783 S.E.2d at 884.

In November of 2017, petitioner filed a pro se petition for a writ of habeas corpus. He raised the following grounds: (1) his trial counsel was ineffective; (2) his right to a speedy trial was denied; (3) the trial court lacked jurisdiction; (4) the prosecuting attorney made impermissible statements during the trial; (5) violation of the protection against double jeopardy; (6) his sentence was excessive; and (7) there was insufficient evidence to support a conviction. Thereafter, on November 13, 2017, the circuit court summarily denied the petition, "conclusively finding that the contentions of law and fact relied upon in the petition were entirely unmeritorious."

Petitioner subsequently retained counsel who filed a "Motion to Set Aside Judgment and Motion for Reconsideration." In that motion, petitioner objected to the circuit court's order on the grounds that he raised a claim of ineffective assistance of counsel, which had never been adjudicated or waived, and the circuit court failed to make specific findings of fact and conclusions of law as to each ground raised in the petition. The circuit court denied petitioner's motion finding that petitioner waived his ineffective assistance of trial counsel claim because he failed to raise it on appeal; his speedy trial claim was "entirely unmeritorious" and waived by his failure to raise it on direct appeal; his allegation that the trial court lacked jurisdiction was previously adjudicated by the doctrine of res judicata; he waived his claim of prosecutorial misconduct by failing to raise it on direct appeal; his claim of double jeopardy was wholly unsupported and "entirely unmeritorious;" he waived his claim of excessive sentencing by failing to raise it on appeal; and his claim of insufficient evidence was previously adjudicated and barred by res judicata. The circuit court memorialized its decision in its March 7, 2018, order. It is from this order that petitioner now appeals.

In Syllabus Point one of *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016), we held as follows:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Petitioner's first three assignments of error will be addressed together because his arguments are repetitive and the claims were waived. Petitioner argues that the circuit court erred in dismissing his claim regarding the denial of his right to a speedy trial because the indictment accused him of committing crimes that occurred forty years prior. Petitioner further asserts that the circuit court erred in dismissing his claim that the prosecuting attorney made prejudicial statements during his criminal trial. According to petitioner, the prosecuting attorney made "impermissible statements in her closing arguments by referring to [petitioner] as a pedophile." Petitioner also contends that the circuit court erred in dismissing his claim that his sentence was unconstitutionally excessive. In support of these arguments, petitioner asserts that the circuit court should have given him an opportunity to amend his petition pursuant to Rule 4(c) of the West Virginia Rules Governing Post-Conviction Habeas Corpus Proceedings[3] and granted him an evidentiary hearing. We disagree.

West Virginia Code § 53-4A-1(c) provides that

> a contention or contentions and the grounds in fact or law relied upon in support thereof shall be deemed to have been waived when the petitioner could have advanced, but intelligently and knowingly failed to advance, such contention or contentions and grounds before trial, at trial, or on direct appeal (whether or not said petitioner actually took an appeal), or in a proceeding or proceedings on a prior petition or petitions filed under the provisions of this article, or in any other proceeding or proceedings instituted by the petitioner to secure relief from his conviction or sentence, unless such contention or contentions and grounds are such that, under the Constitution of the United States or the Constitution of this state, they cannot be waived under the circumstances giving rise to the alleged waiver. When any such contention or contentions and grounds could have been advanced by the petitioner before trial, at trial, or on direct appeal (whether or not said petitioner actually took an appeal), or in a proceeding or proceedings on a prior petition or petitions filed under the provisions of this article, or in any other proceeding or proceedings instituted by the petitioner to secure relief from his conviction or sentence, but were not in fact so advanced, there shall be a rebuttable presumption that the petitioner intelligently and knowingly failed to advance such contention or contentions and grounds.

Further, "W. Va. Code § 53-4A-1(c) contemplates a knowing and intelligent waiver, in the vein of a waiver of a constitutional right, which cannot be presumed from a silent record." Syl. Pt. 2, in part, *Gibson v. Dale*, 173 W. Va. 681, 319 S.E.2d 806 (1984). However, this Court has noted that an error that was readily apparent at the time it was alleged to have been committed is subject to

---

[3]This rule provides, in part, that "[i]f the petition contains a mere recitation of grounds without adequate factual support, the court may enter an order dismissing the petition, without prejudice, with directions that the petition be refiled containing adequate factual support. The court shall cause the petitioner to be notified of any summary dismissal." W. Va. R. Governing Post-Conviction Habeas Corpus Proceedings 4(c).

waiver. *See Ford v. Coiner*, 156 W. Va. 362, 367-68, 196 S.E.2d 91, 95 (1972).

Here, any errors regarding a speedy trial, improper prosecutorial remarks, and excessive sentencing should have been readily apparent at the time the alleged errors occurred. Petitioner's failure to raise those issues on direct appeal of his convictions results in a rebuttable presumption that he waived those issues. In his "Motion to Set Aside Judgment and Motion for Reconsideration," petitioner failed to rebut this presumption. Rather, petitioner did nothing more than generally challenge the adequacy of the circuit court's order and failed to assert why he did not raise these three issues on direct appeal. Moreover, in regard to his request for a hearing on his claims, this Court has held as follows:

> "A court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief." Syllabus Point 1, *Perdue v. Coiner,* 156 W.Va. 467, 194 S.E.2d 657 (1973).

Syl. Pt. 2, *White v. Haines*, 215 W. Va. 698, 601 S.E.2d 18 (2004). It is clear that the circuit court was within its discretion to deny petitioner's habeas petition without a hearing. As such, we find no error in the circuit court's dismissal of petitioner's claims regarding speedy trial, improper prosecutorial remarks, and excessive sentencing.

Next, petitioner asserts that the circuit court erred in dismissing his claim that "his right to be free of Double Jeopardy was violated." Petitioner simply claims that "certain of the charges were violative of [petitioner's] right to be free of Double Jeopardy." Petitioner fails to provide any factual or legal support to identify how his convictions violated double jeopardy principles. Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that

> [t]he brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on . . . [and] must contain appropriate and specific citations to the record on appeal. . . . The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

Additionally, in an Administrative Order entered December 10, 2012, *Re: Filings That Do Not Comply With the Rules of Appellate Procedure*, the Court specifically noted that "[b]riefs that lack citation of authority [or] fail to structure an argument applying applicable law" are not in compliance with this Court's rules. Further, "[b]riefs with arguments that do not contain a citation to legal authority to support the argument presented and do not 'contain appropriate and specific citations to the record on appeal . . .' as required by rule 10(c)(7)" are not in compliance with this Court's rules. "[A] skeletal 'argument,' really nothing more than an assertion, does not preserve a claim. . . . Judges are not like pigs, hunting for truffles buried in briefs." *State v. Kaufman*, 227 W. Va. 537, 555 n.39, 711 S.E.2d 607, 625 n.39 (2011) (quoting *U.S. v. Dunkel*, 927 F.2d 955, 956

(7th Cir. 1991)). This Court has recognized that, for purposes of criminal sex offenses, the same criminal transaction may create several related offenses that may be charged either independently or together without violating double jeopardy principles. *See State v. Georgia W.H.*, 190 W. Va. 558, 567-68, 439 S.E.2d 423, 432-33 (1993). To the extent petitioner argues that he should have been afforded an opportunity to file an amended petition and a hearing regarding this claim, the circuit court was within its discretion to deny such requests. As such, we find that the circuit court did not err in dismissing petitioner's claim regarding double jeopardy.

Finally, petitioner argues that the circuit court erred in dismissing his claim of ineffective assistance of trial counsel. In support, petitioner contends that the circuit court erroneously dismissed this claim due to petitioner's failure to raise the issue on direct appeal. We agree with petitioner, and the State concedes error by the circuit court. This Court has held as follows:

> It is the extremely rare case when this Court will find ineffective assistance of counsel when such a charge is raised as an assignment of error on a direct appeal. The prudent defense counsel first develops the record regarding ineffective assistance of counsel in a habeas corpus proceeding before the lower court, and may then appeal if such relief is denied. This Court may then have a fully developed record on this issue upon which to more thoroughly review an ineffective assistance of counsel claim.

Syl. Pt. 10, *State v. Triplett*, 187 W. Va. 760, 421 S.E.2d 511 (1992). Thus, because petitioner's claims with regard to this argument are not readily apparent from the record, we find that the circuit court erred in denying petitioner's claim of ineffective assistance of counsel without holding an evidentiary hearing.

For the foregoing reasons, we affirm, in part, and reverse, in part, the circuit court's March 7, 2018, order and remand the case to the circuit court with directions to hold an evidentiary hearing on petitioner's ineffective assistance of counsel claim.

Affirmed, in part; reversed, in part, and remanded, with directions.

**ISSUED**: November 8, 2019

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison